UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TYRONE DWAYNE MILLER, et al.,<br><br>      Plaintiff,<br><br>v.<br><br>MINNESOTA PUBLIC HOUSING AUTHORITY, and LORI SWANSON, Minnesota Attorney General,<br><br>      Defendants. | Civil No. 07-3761 (PAM/JSM)<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

      In this case, Plaintiff's rambling complaint is nearly incomprehensible.  It is filled with vague accusations of wrongdoing by the State of Minnesota, but it does not describe any specific historical facts.  One paragraph of the complaint, which illustrates what the entire pleading is like, alleges the following:

> When we are denied our right to seek freedom as it is to you, then we become victims and then create those of our own, i.e. family, friends and honest law abiding tax paying Citizens, Victim impact is a terrible and emotional disturbance that no Man or Woman should not ever have to experience, the laws of this State cloud [sic] be said to be the # 1 cause of our soaring crime rate and Public Officer cuts in order to create an hostile environment of one growing Minnesota Citizen that reminds you that nothing much about history has change a BIT!"

(Complaint, [Docket No. 1], pp. 2-3.)

Plaintiff's entire pleading is comprised of similarly odd accusations. Again, the complaint does not allege any specific facts, and it does not clearly describe any actual historical events. The complaint also fails to describe any specific wrongful acts or omissions by the named Defendants, or any actual injury sustained by Plaintiff.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s) based on some cognizable legal theory. <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Plaintiff's current complaint fails to meet this standard. The complaint does not adequately describe what, specifically, the named Defendants allegedly did, (or failed to do), that supposedly violated Plaintiff's rights under federal law or the Constitution, and it does not show that Plaintiff suffered any actual injury for which Defendant could be held liable. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. It follows that Plaintiff's IFP application must be denied, and this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 22, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by September 11, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.